cipal Court, sufficient interest to maintain this action? The relator is liable for the costs in the event Paul E. Williams should be acquitted in the case pending in the Municipal Court. He also procured one H. Stewart Tillis to give bond in the sum of fifty dollars for costs. In the event said Williams should be acquitted or discharged by the Municipal Court without trial the relator might be subjected to a suit for malicious prosecution. It will thus be seen that he stands in a different relation to the suit than an ordinary private citizen having no interest beyond that shared in common with other citizens. In the event the Municipal Judge should continue to refuse to proceed with the trial of the case in his court it will cast upon the relator a burden or hardship not borne in common with him by the public at large.

For the reasons herein stated it is apparent that there is error in the record mentioned and that under the record as in the Common Pleas Court in the respects there made the relator was entitled to maintain the suit and to a writ of mandamus as prayed for in his petition.

The judgment of the Court of Common Pleas is reversed and the case remanded for further proceedings according to law.

Middleton, PJ., and Mauck, J., concur.

### SAASTO v WOODS

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10323. Decided Feb 10, 1930

Paul Howland, Cleveland, for Saasto.
Edward A Stendel, for Woods.

LEVINE, J.

We are setting forth these facts for the reason that a great deal of space is devoted in the brief of plaintiff in error to the assignment of error that the judgment is manifestly against the weight of the evidence. We are of the opinion that this assignment of error cannot be considered by this court, in view of the fact that a new trial had already been granted in the common pleas court on the ground that the first judgment was manifestly against the weight of the evidence.

In **Cleveland Railway Co. vs. Trendel etc., 101 OS. 316** this question has been fully adjudicated. Syllabus 3 states the law as follows:

(Here follows quotation)

We are, in view of this holding, powerless to consider the question of the weight of the evidence.

Another assignment of error related to the charge of the court. After the court gave its general charge to the jury the plaintiff in error requested the court to charge to the effect that if plaintiff in any way contributed to the negligence, contributed to the slightest degree, it would be a bar to plaintiff's recovery.

We are aware that this request contains in substance language approved by our Supreme Court, yet a reading of the general charge does, in our opinion, substantially state the law.

We find no reversible error in the record and the judgment is therefore affirmed.

Vickery, PJ., and Sullivan, J., concur.

### JOINT COUNTY DITCH in re, etc
### SPEER et v LICKING COUNTY COMMISSIONERS et

Ohio Supreme Court
No 21988. Decided April 2, 1930

Kinkade, Robinson, Matthias, Day and Allen; JJ., concur. Jones, J., dissents.

## WILL-O-WAY DEVELOPMENT CO v MILLS

Ohio Supreme Court
No. 21997. Decided April 2, 1930

Kinkade, Robinson, Jones, Matthias and Day, JJ., concur. Marshall, C. J. dissents.

## SWISHER v ORRISON CIGAR CO

Ohio Supreme Court
No 21854. Decided April 2, 1930

## ERIE COUNTY FARMERS' INSURANCE CO v CRECELIUS

Ohio Supreme Court
No 21935. Decided April 2, 1930

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## BOZZELLI, Admrx, etc v INDUSTRIAL COMMISSION

Ohio Supreme Court
No 21904. Decided April 2, 1930